IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONNY BENAVIDES | § | |
| v. | § | CIVIL ACTION NO. 9:09cv104 |
| | | (Crim. No. 9:04cr42) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Donny Benavides, proceeding through counsel, filed this motion to vacate or correct his sentence under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Benavides was convicted, on his plea of guilty, of the offense of conspiracy to possess with intent to distribute more than 150 kilograms of cocaine. He filed a notice of appeal on April 29, 2005, and on August 2, 2005, the Fifth Circuit issued briefing notices to the parties; however, Benavides' appellate attorney withdrew, and the briefing notice was suspended. On March 9, 2006, a new briefing notice was issued, and a deadline was set on April 18, 2006. Benavides did not file a brief, and so on May 11, 2006, his appeal was dismissed.

On May 21, 2008, over two years later, Benavides filed a motion to reinstate his appeal and for leave to file his brief out of time. The motion to reinstate was denied the same day, and the motion for leave to file the brief out of time was denied as moot. Benavides filed his Section 2255 motion to vacate or correct sentence on May 7, 2009.

The Magistrate Judge ordered the Government to answer Benavides' motion, and a motion to dismiss has been filed. In this motion, the Government contends that Benavides' motion is barred

by the statute of limitations and that Benavides' claims are waived by his waiver of appeal in the plea agreement. In response to this motion, Benavides argues that his conviction became final, and the limitations period began to run, when the Fifth Circuit denied his motion to reinstate appeal, and so his petition was timely filed. Benavides also says that his claims fall into an exception of the waiver of appeal because his waiver was "unknowing, involuntary, and invalid."

On January 19, 2010, the Magistrate Judge issued a Report recommending that Benavides' motion to vacate or correct sentence be dismissed because of the expiration of the statute of limitations. The Magistrate Judge stated that the filing a motion to reinstate the appeal, over a year after the appeal has been determined, does not re-set the date of finality of the underlying conviction, and so Benavides' conviction became final at the expiration of the time in which he could seek certiorari from the United States Supreme Court concerning the dismissal of his appeal. This occurred on Wednesday, August 9, 2006, after the expiration of 90 days from the date of the dismissal of his appeal. Benavides therefore had until August 9, 2007, in which to file his Section 2255 motion for relief from judgment, but he did not do so until May 7, 2009, well after the limitations period had expired. The Magistrate Judge rejected Benavides' contention that his conviction became final when the Fifth Circuit denied his motion to reinstate his appeal, which motion had been filed over two years after the appeal was dismissed. Finally, the Magistrate Judge determined that Benavides had failed to show that he was entitled to have the limitations period equitably tolled.

Benavides filed objections to the Magistrate Judge's Report on January 28, 2010. In these objections, Benavides states that when his appeal was dismissed for failure to file a brief, the Fifth Circuit dismissed the appeal "without prejudice."[1] He says that this "opened the door" and procedurally allowed him to file a motion to reinstate the appeal. Benavides says that the Fifth

---

[1] The order of dismissal entered by the Fifth Circuit states that the appeal is dismissed as of May 11, 2006, for want of prosecution; it says nothing about whether this dismissal is with or without prejudice.

Circuit did not set any time period for him to do so, and so his motion to reinstate the appeal, filed on May 21, 2008, and denied that same date, formed the basis for a new date upon which his conviction became final.

Benavides complains that the Magistrate Judge cited two unpublished Fifth Circuit decisions, although these are not precedential, and that the out-of-circuit district court cases cited by the Magistrate Judge are distinguishable. He says that he did not request that his appeal be dismissed and that he was prejudiced by his attorney's failure to file the appellate brief.

Next, Benavides says that the Magistrate Judge "went off on a tangent" in discussing equitable tolling. He then says that he has a "rare and exceptional circumstance" justifying equitable tolling in that he has a learning disability, which relegated him to "special resource classes" from second grade through junior high school. Consequently, Benavides says, he was unable to form the mental intent to "sleep on his rights," which formed the basis for the two-year delay between the dismissal of his appeal and his subsequent motion to reinstate the appeal. He asks for the opportunity to prove to the Court that he has a "documented history" of such a learning disability.

In responding to the Government's answer and in objecting to the Report of the Magistrate Judge, Benavides cites no cases or precedents in support of his contention that his conviction did not become final until a motion to reinstate appeal, filed over two years after the dismissal of his appeal, was denied. As the Magistrate Judge said, such a holding would effectively eliminate the statute of limitations, particularly in light of Benavides' argument that because no time limit was placed on his right to seek to reinstate the appeal, the motion to reinstate the appeal "now formed the basis for [a] new date on which Benavides' conviction became final." Benavides' contention is, in essence, that because no specific time limit was placed on his being able to file a motion to reinstate his appeal, he could file such a motion at any time, and the denial of this motion would set the date of finality for his conviction, no matter how long he waited to do so. Such a conclusion is plainly untenable and lacking in merit.

Benavides also argues that he has a "learning disability" which should qualify as a basis for equitable tolling. He attaches copies of elementary school report cards showing that he received poor grades and had generally unsatisfactory work study habits. The Fifth Circuit has held that while mental incompetency could support the equitable tolling of a limitations period, the mental illness must be such as to render the petitioner unable to pursue his legal rights during the relevant time. *See* Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999); U.S. v. Edwards, civil action no. 4:00cr176, 2004 WL 2965117 (N.D.Tex., December 8, 2004) (equitable tolling not applicable despite claim that the Section 2255 movant "had a learning disability and read at only a third or fourth grade level). Benavides' claim on this point is without merit as well.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion to vacate or correct sentence, the response of the Government, the Petitioner's reply to this response, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED with prejudice. It is further

ORDERED that the Petitioner Donny Benavides is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this cause of action are hereby DENIED.

So **ORDERED** and **SIGNED** this **12** day of **March, 2010.**

_____
Ron Clark, United States District Judge